NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LESLIE WYN BOWDEN, | No. 10-35253 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-05516-FDB |
| v. | |
| CHRISTINE O. GREGOIRE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Franklin D. Burgess, District Judge, Presiding

Submitted May 24, 2011[**]

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Leslie Wyn Bowden, a Washington state prisoner, appeals pro se from the

district court's judgment dismissing his civil rights action for failure to exhaust

administrative remedies under the Prison Litigation Reform Act, 42 U.S.C.

§ 1997e(a).  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

district court's dismissal for failure to exhaust, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and we affirm.

The district court properly dismissed Bowden's action because Bowden failed to exhaust administrative remedies prior to filing suit. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) ("proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *see also Wyatt*, 315 F.3d at 1120 ("A prisoner's concession to nonexhaustion is a valid ground for dismissal . . . .").

We construe the dismissal of Bowden's claims to be without prejudice. *See Wyatt*, 315 F.3d at 1120 (dismissals for failure to exhaust administrative remedies are without prejudice).

Bowden's remaining contentions are unpersuasive.

We do not consider claims raised for the first time on appeal. *See Janes v. Wal-Mart Stores Inc.*, 279 F.3d 883, 887 (9th Cir. 2002) ("Issues raised for the first time on appeal usually are not considered.").

Bowden's motions for acceptance of his supplemental reply brief are granted, and we instruct the clerk to file the supplemental reply brief received on October 5, 2010. Bowden's motion filed on November 5, 2010 is construed as a

10-35253

citation of supplemental authorities.  Bowden's remaining pending motions are denied.

**AFFIRMED.**